# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARLON BRANDON, | : | |
|    *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-5702 |
| | : | |
| TUCKER HOUSE, | : | |
|    *Defendant*. | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                               **DECEMBER 10, 2019**

     *Pro se* Plaintiff Marlon Brandon filed this lawsuit pursuant to Title VII of the Civil Rights Act of 1964, against Tucker House, his former employer. (ECF No. 2.) He has also moved to proceed *in forma pauperis* and for appointment of counsel. (ECF Nos. 1 & 3.) For the following reasons, the Court will grant Brandon leave to proceed *in forma pauperis*, dismiss his Complaint as time-barred with leave to amend, and deny his Motion to Appoint Counsel at this time.

## I

     Brandon used this Court's form complaint. To provide the factual basis for his claims, Brandon attached to his Complaint a charge of discrimination that he filed with the Equal Employment Opportunity Commission. (*See* Compl. ECF No. 2 at 3 & 7.)[1] He claims to have been subjected to sexual harassment and/or discrimination because of his gender in connection with an incident involving a nursing supervisor that led to his removal from the work schedule. (*Id.*) Brandon also alleges that he was terminated

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.

after he complained about the incident to Human Resources. (*Id.*) He contends that he was terminated "as a direct consequence of rebuffing [the nursing supervisor's] sexual advances." (*Id.* at 8.)

Brandon states that he received a Notice of Right to Sue Letter from the EEOC on September 3, 2019. (*Id.* at 4 & 6.) A copy of the cover letter from the EEOC, which is attached to the Complaint, states that issuance of the notice would "enable [Brandon] to file suit in U.S. District Court within 90 days of [his] receipt of [the] Notice if [he] wish[ed] to pursue this matter further." (*Id.* at 6.) Brandon filed this lawsuit on December 3, 2019.

II

The Court will grant Brandon leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.*

"[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009)

2

(quotations omitted). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the pleading. *See Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006); *cf. Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013), *abrogated on other grounds by*, *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015). As Brandon is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

Title VII prohibits employment discrimination based on sex. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a)). Title VII also prohibits an employer from retaliating against an employee for opposing any act made unlawful by the employment discrimination statutes, or because he made a charge, testified, assisted, or participated in an investigation, proceeding or hearing under the employment discrimination statutes. 42 U.S.C. § 2000e-3. Before filing suit in federal court under Title VII, a plaintiff is required to exhaust administrative remedies by filing a charge of discrimination with the EEOC, *see Mandel v. M&Q Packaging Corp.*, 706 F.3d 157, 165 (3d Cir. 2013), although that is not a jurisdictional prerequisite. *See Fort Bend Cty., Texas v. Davis*, 139 S. Ct. 1843, 1846 (2019).

A plaintiff filing a civil action under Title VII must file suit within ninety days of receiving a right-to-sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). The time limitations set forth in Title VII are not jurisdictional and are subject to equitable tolling. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994), *abrogation on other grounds recognized in Rotkiske v. Klemm*, 890 F.3d 422, 427-28 (3d Cir. 2018), *cert. granted*, 139 S. Ct. 1259 (2019). "There are three principal

3

situations in which equitable tolling is appropriate: (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, and that deception causes non-compliance with an applicable limitations provision; (2) where the plaintiff in some extraordinary way has been prevented from asserting his rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005), *abrogation on other grounds recognized in Rotkiske*, 890 F.3d at 427-28. Equitable tolling should be applied sparingly, *id.*, and may not be based on excusable neglect. *See Scary v. Philadelphia Gas Works*, 202 F.R.D. 148, 152 (E.D. Pa. 2001).

According to the Complaint, Brandon received a notice of right to sue letter from the EEOC on September 3, 2019. (Compl. ECF No. 2 at 4.) He was thus required to file his Complaint within ninety days, by December 2, 2019; he did not do so until December 3. No basis for tolling is apparent from the face of the Complaint.[2] The

---

[2] In the Title VII context, the Supreme Court has suggested that equitable tolling may be appropriate "where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984); *see also Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 240 (3d Cir. 1999) (explaining that tolling may be appropriate "where a motion for appointment of counsel is pending"); *Harris v. Walgreen's Distribution Ctr.*, 456 F.2d 588, 592 (6th Cir. 1972) ("We believe on equitable grounds the motion for counsel should be regarded as tolling the statute until it was disposed of."). Here, Brandon filed a Motion to Appoint Counsel, but he did so on the same day he filed his Complaint. He did not file anything prior to the expiration of the ninety-day limitations period, which distinguishes his case from those recognizing a pending motion for counsel as a basis for tolling. *See Bryant v. U.S. Dep't of Agric.*, 967 F.2d 501, 504 (11th Cir. 1992) ("[I]n those cases where equitable tolling has been applied while a motion for appointment of counsel was pending, the district courts generally ruled on the plaintiff's motion before or shortly after the expiration of the statutory period for filing, and equitable tolling was applied to allow the plaintiff additional time to file a formal complaint.").

Court must dismiss the Complaint if it is time-barred on its face, as is the case here. *See Rockmore v. Harrisburg Prop. Serv.*, 501 F. App'x 161, 164 (3d Cir. 2012) (per curiam) ("We may be sympathetic with Rockmore's situation, but we are bound by the strict procedural requirements established by Congress, which are not to be disregarded by courts out of a vague sympathy for particular litigants." (internal quotations omitted)). However, in light of Brandon's *pro se* status, the Court will give him leave to file an amended complaint in event that he can articulate a basis for equitable tolling.

IV

For the foregoing reasons, the Court will grant Brandon leave to proceed *in forma pauperis* and dismiss his Complaint as time-barred without prejudice to amendment. Brandon's Motion for Appointment of Attorney will be denied without prejudice at this time. *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis). An appropriate Order follows.

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**