# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARLON BRANDON, | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 19-CV-5702 |
| | : | |
| TUCKER HOUSE, | : | |
| *Defendant*. | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                                                               **JULY 8, 2020**

Currently before the Court is an Amended Complaint filed by Plaintiff Marlon Brandon, pursuant to Title VII of the Civil Rights Act of 1964, against Tucker House, his former employer. For the following reasons, the Court will dismiss Brandon's Amended Complaint without prejudice to him filing a second amended complaint.

## I

Brandon appended to his initial Complaint a charge of discrimination that he filed with the Equal Employment Opportunity Commission ("EEOC"), reflecting his allegations that he was subjected to sexual harassment and/or discriminated against based on his gender in connection with an incident involving a nursing supervisor that led to his removal from the work schedule. Brandon also alleged that he was terminated after complaining to Human Resources about the incident.

In a December 10, 2019 Memorandum and Order, the Court granted Brandon leave to proceed *in forma pauperis* and screened his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court dismissed the initial Complaint as time-barred, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), because it appeared from the face of the Complaint that

Brandon failed to file his Complaint within ninety days of receiving his right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"), as his submission was filed a day beyond the deadline. (*See* ECF No. 5 at 4-5.) The Court also denied Brandon's Motion for Appointment of Attorney without prejudice. (*Id.* at 5; *see also* ECF No. 6.) Considering Brandon is representing himself without an attorney, the Court gave him leave to file an amended complaint in the event he could articulate a basis for equitable tolling. (*See* ECF No. 6 at 1.) The Court informed Brandon that any amended complaint should not "rely on the initial Complaint or other papers filed in this case to state a claim." (*Id.*)

Brandon returned with an Amended Complaint and Affidavit.[1] (ECF Nos. 8 & 9.)[2] Brandon states in his affidavit that the right-to-sue letter was initially sent to his attorney, who relocated his law office and initially failed to provide Brandon with a copy. (ECF No. 8 at 1.)[3] He also alleges that he filed his Complaint within ninety days of having received the right-to-sue letter. (*Id.*) Given these allegations and the possibility that further factual development may be required, the Court will not address the matter of timeliness at the screening stage of this case. *See Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 242 (3d Cir. 1999).

---

[1] Brandon's filing did not comply with the deadline set by the Court's initial order, but the Court *sua sponte* extended that deadline in light of Brandon's *pro se* status. Brandon is reminded that, going forward, it is important to comply with the deadlines in Court orders and that, if he is unable to do so, he may file a motion for an extension of time.

[2] Rather than docketing the Amended Complaint with the Affidavit as an attachment, the Clerk's Office made two separate docket entries, one being the Affidavit with the Amended Complaint attached as an exhibit (ECF No. 8) and one being the Amended Complaint without the Affidavit (ECF No. 9). The Court construes these filings together as the Amended Complaint.

[3] The Court adopts the pagination supplied by the CM/ECF docketing system.

Brandon's Amended Complaint is sparse. He indicates that he was discriminated against based upon his gender but does not elaborate. (ECF No. 9 at 2.) Brandon's only factual allegation is that he was "terminated from employment for complaining to Human Resources about a supervisor's unwanted sexual advances." (ECF No. 9 at 3.) He does not provide any additional information about the fact and circumstances underlying his claims. In his affidavit, Brandon asks the Court to appoint him counsel, although he did not file a motion to that effect. (ECF No. 8 at 2.)

## II

As Brandon is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Amended Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* "[T]he plausibility paradigm announced in [*Bell Atl. Corp. v.*] *Twombly*[, 550 U.S. 544 (2007),] applies with equal force to analyzing the adequacy of claims of employment discrimination." *Fowler v. UMPC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quotations omitted). As Brandon is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

III

Title VII prohibits employment discrimination based on sex. *See E.E.O.C. v. Allstate Ins. Co.*, 778 F.3d 444, 448-49 (3d Cir. 2015) (citing 42 U.S.C. § 2000e-2(a)). To state a claim under Title VII, a plaintiff must allege sufficient facts to raise a reasonable expectation that his membership in a protected class was "either a motivating or determinative factor in [his employer's] adverse employment action against [him]." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 789 (2016) (internal quotations omitted). For a plaintiff to establish that he was subjected to a hostile work environment based on his membership in a protected class, he "must show that (1) he suffered intentional discrimination because of his [membership in a protected class]; (2) the discrimination was pervasive and regular; (3) it detrimentally affected him; (4) it would have detrimentally affected a reasonable person of the same protected class in his position; and (5) there is a basis for vicarious liability." *Cardenas v. Massey*, 269 F.3d 251, 260 (3d Cir. 2001).

Title VII also prohibits an employer from retaliating against an employee for opposing any act made unlawful by the employment discrimination statutes, or because he made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under the employment discrimination statutes. *Id.* § 2000e-3. A plaintiff states a retaliation claim if he "pleads sufficient factual allegations to raise a reasonable expectation that discovery will reveal evidence of the following elements: (1) [he] engaged in conduct protected by Title VII; (2) the employer took adverse action against [him]; and (3) a causal link exists between [his] protected conduct and the employer's adverse action." *Id.* at 789.

Even under a liberal reading, Brandon's Amended Complaint fails to allege facts plausibly establishing that he was discriminated against or harassed based on his gender or retaliated against for reporting sexual harassment. Brandon failed to describe the events that happened to him sufficiently to make it clear why he believes he was discriminated against, forced to endure a hostile work environment, and terminated in retaliation for reporting unwanted advances. In other words, he has not alleged what his supervisor did to him that constituted an unwanted sexual advance, discuss how and when he reported the behavior, or describe the events leading to his termination. Accordingly, Brandon has failed to state a claim. *See, e.g.*, *Khalik v. United Air Lines*, 671 F.3d 1188, 1193 (10th Cir. 2012) ("Plaintiff's general assertions of discrimination and retaliation, without any details whatsoever of events leading up to her termination, are insufficient to survive a motion to dismiss."); *Shahin v. Del. Dep't of Transp.*, 405 F. App'x 587, 588-89 (3d Cir. 2010) (per curiam) (affirming dismissal of complaint where plaintiff failed to provide "details on what position she applied for, how she was qualified for the position, and what protected classes she belongs to"). However, the Court will give Brandon leave to file a second amended complaint in the event he can plead additional facts to state a plausible claim for relief. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

IV

For the foregoing reasons, the Court will dismiss Brandon's Amended Complaint without prejudice to him filing a second amended complaint. Brandon's request for counsel is denied without prejudice to Brandon filing a motion for appointment of

counsel if he chooses to file a second amended complaint.[4]  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).  An appropriate Order follows.

                         **BY THE COURT:**

                         */s/ Gerald J. Pappert*
                         **GERALD J. PAPPERT, J.**

---

[4] Any requests for Court action must be made by a motion.